IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH ONWUTEAKA, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0363 |
| | § | |
| NORTHWEST AIRLINES, INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Judgment on the Pleadings ("Motion") [Doc. # 7] filed by Defendants Northwest Airlines Inc. ("Northwest") and KLM Royal Dutch Airlines ("KLM"). Based on the Court's review of the full record and the application of governing legal authorities, the Court grants Defendants' Motion and dismisses this case with prejudice.

**I.   BACKGROUND**

Plaintiffs filed this lawsuit in Texas state court. Plaintiffs allege that on a family trip to Nigeria they were not seated together. *See* Plaintiff's Original Petition, Exh. A to Notice of Removal [Doc. # 1], ¶ 12. Plaintiffs also allege that the flight, after departing Amsterdam for Nigeria, returned to Amsterdam where Plaintiffs remained on the aircraft for three hours before departing again for Nigeria. *See id.*, ¶ 13.

Defendants removed the case to federal court and subsequently filed the pending Motion. By Order entered March 28, 2007 [Doc. # 6], Plaintiffs were directed to file their opposition to Defendants' Motion by May 4, 2007. Instead, and without requesting an extension of time, Plaintiffs filed a response on May 7, 2007.[1]

## II. ANALYSIS

Defendants seek judgment in their favor on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The standard for judgment on the pleadings under Rule 12(c) "is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The Court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Id*. The motion "should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Id*.

The Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal Convention")

---

[1] The Response [Doc. # 10] was filed in the Clerk's Office by non-electronic means and date-stamped May 7, 2007. Plaintiffs' Certificate of Conference, however, states that the Response was served on defense counsel on ***May 4, 2007***, "via electronic filing." Plaintiff Joseph Onwuteaka, an attorney licensed to practice in this District, is cautioned that false Certificates of Conference will not be tolerated.

exclusively governs the rights and liabilities of passengers and carriers in international air transportation. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999).[2] The Montreal Convention provides the exclusive remedy for all claims relating to international carriage. *See id.* at 160-61; *Mbaba v. Societe Air France*, 457 F.3d 496, 500 (5th Cir. 2006). Plaintiffs' claims in this case all occurred on board their international flight to Nigeria and, therefore, the claims are preempted by the Montreal Convention.

Plaintiffs have not alleged any claims under the Montreal Convention. Plaintiffs in their Response mention Article 19 of the Montreal Convention, which provides liability "for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." *See* Response, ¶ 2. Plaintiffs do not, however, allege damages recoverable under Article 19. *See Lee v. American Airlines, Inc.*, 355 F.3d 386, 387 (5th Cir. 2004) (holding that inconvenience and mental anguish are not damages recoverable under the Warsaw Convention); *Daniel v. Virgin Atl. Airways, Ltd.*, 59 F. Supp. 2d 986, 992-94 (N.D. Cal. 1998) (holding that only economic loss or physical injury are

---

[2] Although the Montreal Convention completely replaced the prior Warsaw Convention, courts interpreting the Montreal Convention rely on cases interpreting similar provisions of the Warsaw Convention. *See Baah v. Virgin Atlantic Airways Ltd.*, 2007 WL 424993, *4 (S.D.N.Y. 2007); *Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 110-11 (S.D.N.Y. 2004), *aff'd,* 194 Fed. Appx. 5 (2d Cir. 2006). Consequently, the Court rejects Plaintiffs' argument that cases decided under the Warsaw Convention are inapplicable to cases involving the Montreal Convention.

damages recoverable under Article 19). As a result, Defendants are entitled to judgment on the pleadings in their favor.

## III.   CONCLUSION AND ORDER

Plaintiffs do not assert a claim for relief under the Montreal Convention, which treaty preempts their state law claims. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Judgment on the Pleadings [Doc. # 7] is **GRANTED**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **10th** day of **May, 2007**.

Nancy F. Atlas
United States District Judge